Receipt # 057948

ECF

ORIGINAL

FILED
JUN 26 2003
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

TRITON MARINE CONSTRUCTION CORPORATION,

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant

NO.

COMPLAINT FOR DAMAGES

03-1558C

COMES NOW plaintiff, Triton Marine Construction Corporation ("Triton Marine"), through its undersigned counsel, and for its complaint against defendant alleges as follows:

I. PARTIES

1. At all times material hereto, plaintiff Triton Marine was, and now is, a corporation duly organized and registered under the laws of the State of Virginia, fully qualified and having paid all necessary license fees due, with its principal place of business in Bremerton, Kitsap County, Washington.

2. The Department of the Army, Seattle District, Corps of Engineers, is an agency of the United States of America (the "Government").

II. JURISDICTION

3. Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

4. On June 17, 1998, the Government awarded Contract No. DACA67-98-C-0038 titled "Design/Build Repair Heating Systems to Buildings, Fort Lewis" to Triton Marine (the "Contract"). The Contract, among other things, involved completing the

design, construction and installation of gas fired infrared radiant heaters in seventeen (17) out of sixty-four (64) buildings at Ft. Lewis, Washington.

5. Triton Marine subcontracted with Bath Engineering Group to provide the design and engineering services required by the Contract and with Robison Plumbing, Inc. to furnish and install the specified radiant heaters.

6. On or about May 14, 2001, Triton Marine submitted a certified claim totaling $972,905 to the Contracting Officer for the project, in accordance with the Contracts Dispute Act of 1978, 41 U.S.C. §601, et seq. Triton Marine's claim consisted of $83,990 plus Triton Marine's overhead related to the design of the radiant heaters and $598,479 plus Triton Marine's overhead related to the installation of the radiant heaters. Triton Marine also sought $35,000 related to the preparation of its claim.

7. On July 23, 2002, the Contracting Officer entered a final decision denying Triton Marine's certified claim. The Contracting Officer's decision only addressed the installation claim because Triton Marine and the Government settled the design claim prior to the Contacting Officer issuing her decision. The settlement for the design claim included reimbursing Triton Marine all of its design consultant costs plus interest.

8. Venue and jurisdiction is vested in the United States Court of Federal Claims pursuant to 28 U.S.C. §1491(a)(1) and 41 U.S.C. §609(a)(1).

## III. BREACH OF CONTRACT

9. Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

10. The Contract Documents provided by the Government to Triton Marine for bidding and performance included specifications setting forth the design criteria for

the radiant heaters to be provided by Triton Marine.

11. The Government impliedly warranted to Triton Marine that the design and performance requirements in the specifications and drawings were attainable.

12. Triton Marine reasonably relied upon these representations and warranties and upon the accuracy and completeness of the Contract documents and attempted to comply with the specifications and drawings to the best of its ability.

13. Triton Marine's numerous attempts to comply with the specifications and drawings demonstrated that the Contract documents were defective in that the Contract design and performance requirements could not be achieved.

14. Although the Government acknowledged to Triton Marine on more than one occasion that the specifications and drawings had to be relaxed, the Government refused to modify the defective specifications and drawings.

15. Pursuant to the Government's direction, Triton Marine installed, and the Government approved the installation of, 388 radiant heaters in an attempt to comply with the specifications and drawings.

16. The Government did not compensate Triton Marine for the additional costs incurred in attempting to comply with the defective specifications and drawings.

17. The Government breached the Contract:

a) By failing to modify the Contract documents and requiring Triton Marine to perform additional work and to incur additional cost;

b) By breaching the Spearin Warranty doctrine and the doctrines of impossibility of performance, commercial impracticability, and frustration of purpose.

c) By failing to reimburse Triton Marine for its performance of additional work and the related costs; and

d) By failing to provide accurate information in the Contract documents.

18. As a result of the Government's breach of the contract, Triton Marine has suffered damages in an amount to be proven at trial.

## IV. RELIEF REQUESTED

WHEREFORE, plaintiff Triton Marine prays for judgment against the Government as follows:

1. For damages in an amount to be proven at trial, but not less than $832,842.00;
2. For prejudgment and post judgment interest at the highest rate allowed by law;
3. For costs and attorneys' fees incurred herein;
4. For consultant claim preparation costs allowed by law; and
5. For such other and further relief as this Court deems just and equitable under the circumstances.

DATED this 25 day of June, 2003.

CARNEY BADLEY SPELLMAN, P.S.

By [signature]

Stephen L. Nourse
John C. Dippold
CARNEY BADLEY SPELLMAN, P.S.
700 Fifth Avenue, Suite 5800
Seattle, WA 98104-5017
(206) 622-8020
(206) 467-8215 (Facsimile)
email: nourse@carneylaw.com
dippoldj@carneylaw.com
Attorneys for Plaintiff Triton Marine Construction Corporation