IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TRITON MARINE CONSTRUCTION CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-1558C |
| | ) | ( Judge Lynn J. Bush ) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. Defendant's responses to paragraphs 1 and 2 of the complaint are incorporated by reference.

4. Admits the allegations contained in paragraph 4 of the complaint that the Government awarded Contract No. DACA67-98-C-0038 ("contract") to plaintiff; admits the remaining allegations contained in paragraph 4 only to the extent supported by the document cited, the contract, which is the best evidence of its contents; otherwise denies the allegations in paragraph 4.

5. Denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Admits the allegations contained in the first sentence of paragraph 6 that, on or about May 14, 2001, defendant received a letter from plaintiff requesting additional

compensation under the contract, only to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations in the first sentence of paragraph 6. The remaining allegations contained in paragraph 6 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. Admits the allegations contained in the first sentence of paragraph 7 that, on or about July 23, 2002, the contracting officer issued a decision regarding the May 14, 2001 letter from plaintiff, only to the extent supported by the document cited, which is the best evidence of its contents; the remaining allegations contained in the first sentence of paragraph 7 constitute conclusions of law or characterizations of plaintiff's claims to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations in the second and third sentences of paragraph 7 that, plaintiff and defendant resolved some of the matters contained in the May 14, 2001 letter prior to July 23, 2002, only to the extent supported by the documents cited, which are the best evidence of their contents; the remaining allegations contained in the second and third sentences of paragraph 7 constitute conclusions of law or characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

8. The allegations contained in paragraph 8 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

9. Defendant's responses to paragraphs 1 through 8 of the complaint are incorporated by reference.

10. Admits the allegations contained in paragraph 10 only to the extent supported by the document cited, which is the best evidence of its contents; the remaining allegations contained in paragraph 10 constitute plaintiff's characterizations of its case and/or of the documents cited, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. The allegations contained in paragraph 11 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

12. The allegations contained in paragraph 12 that plaintiff "reasonably relied upon . . . representations and warranties and upon the accuracy and completeness of the Contract documents" constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied. Denies the allegation contained in paragraph 12 that plaintiff "attempted to comply with the specifications and drawings to the best of its ability" for lack of knowledge or information sufficient to form a belief as to their truth.

13. Denies.

14. Denies.

15. Denies.

16. Denies.

17. The allegations contained in paragraph 17 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

19. Denies that plaintiff is entitled to the relief requested in section III of the complaint, or to any relief whatsoever.

20. Defendant denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in favor of defendant and against plaintiff, that the Court dismiss the complaint, and that defendant be granted such other and further relief as the Court may deem just and proper.

Date: September 5, 2003

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/James M. Meister
JAMES M. MEISTER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel: (202) 305-3079

OF COUNSEL:

SUE YING LEONG, ESQ.
Assistant District Counsel
U.S. Army Corps of Engineers
Seattle District

CERTIFICATE OF FILING

I hereby certify that on this 5th day of September, 2003, a copy of the foregoing Defendant's Answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/James M. Meister