IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TRITON MARINE CONSTRUCTION CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-1558C |
| | ) | (Judge Bush) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff Triton Marine Construction Corporation ("Triton") and defendant, the United States, respectfully submit the following Joint Preliminary Status Report.

a. Does the Court have jurisdiction over the action?

Plaintiff relies upon the following jurisdictional statutes: 41 U.S.C. § 609 (a)(1) and 28 U.S.C. § 1491(a)(1). Plaintiff asserts the following detailed jurisdiction for invoking this Court's limited statutory authority: A final decision of the contracting officer is appealable directly to this Court. The contracting officer issued a final decision in this matter on July 2, 2002. Defendant is not aware of any jurisdictional issues at this time.

b. Should the case be consolidated with any other case?

The parties are not aware of any cases that should be consolidated with this case.

c. Should the trial of liability and damages be bifurcated?

Plaintiff asserts that the issues of liability and damages should be tried together.

Defendant is not aware of any reasons at this time for bifurcation of trial into liability and damages phases.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

The parties agree that his case should not be deferred pending resolution of any other case. The parties are unaware of any other related cases in this or any other tribunal.

e. Will a remand or a suspension be sought?

The parties do not believe that remand or suspension will be sought.

f. Will additional parties be joined?

Neither party intends to join additional parties at this time.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is a proposed schedule for the intended filing?

Neither party intends to file a motion pursuant to RCFC 12(b) and 12(c). The parties anticipate that either or both may file a RCFC 56 motion after written discovery and depositions are completed. The parties' proposed discovery schedule allows for time for filing of RCFC 56 motions.

h. What are the relevant issues?

At the present time, Triton believes that the relevant issues include, without limitation, the following:

1. Whether the Government impliedly warranted to Triton that the design and performance requirements in the specifications and drawings were attainable.

2. Whether the contract documents were defective in that the contract design and performance requirements could not be achieved.

3. Whether the Government acknowledged to Triton on more than one occasion that the specifications and drawings had to be relaxed because the design and performance requirements could not be achieved.

4. Whether the Government breached the Spearin Warranty doctrine and the doctrines of impossibility of performance, commercial impracticability, and frustration of purpose.

5. Whether the Government failed to provide accurate information in the contract documents.

6. Whether plaintiff sustained excusable and compensable delays on the project.

7. What is the quantum and proper measure of plaintiff's damage.

At present, defendant believes the relevant issue in this action is, without limitation:

1. Whether, under Contract No. DACA 67-98-C-0038, Triton is entitled to any equitable adjustment, i.e., additional compensation, for costs allegedly incurred in the installation of an infrared radiant heating system when Triton, as contractor, had the responsibility of designing, constructing, and installing the heating system to meet the specifications set forth by the Government in the contract, especially where the Government in fact later relaxed the heating system performance specifications, making the specifications easier (and, therefore, presumably less expensive) for Triton

to meet.

i. What is the likelihood of settlement?

Due to the parties' differing positions on liability and damages, at this time the parties cannot state whether this case can be settled. Notwithstanding, the parties intend to explore settlement. Settlement negotiations will be most productive after some initial discovery is completed.

j. Do the parties anticipate proceeding to trial?

At the present time, the parties anticipate proceeding to trial, unless settlement is reached or the case is resolved by a dispositive motion. The parties do not request the scheduling of an expedited trial.

k. Are there special issues regarding electronic case management needs?

The parties agree that there are no special issues regarding electronic case management at this time.

l. Is there other information of which the court should be aware at this time?

The parties agree that there is no other information which the Court should be aware of at this time. Plaintiff, however, requests that the trial be held in a courtroom of the United States District Court for the Western District of Washington, located in Seattle, since most of the witnesses live in the state of Washington. Defendant has not made a determination as to where all witnesses will be located at the time of a trial and, therefore, at present, has no position on where trial should be held.

m. Discovery Plan

(i) Document discovery shall be completed by February 15, 2004. The parties agree to exchange or make available project files, excluding those

documents protected under the attorney-client privilege, work product doctrine, or any other appropriate privilege. Plaintiff requests that document be exchanged by November 24, 2003. Defendant requests until December 31, 2003, to complete this exchange of documents.

(ii) Plaintiff requests that depositions of fact witnesses shall be completed by February 27, 2004. Defendant requests that depositions of fact witnesses shall be completed by March 31, 2004.

(iii) Plaintiff shall provide defendant with its expert witness reports by February 28, 2004. Defendant shall provide its expert witness reports by March 31, 2004. Plaintiff's expert rebuttal report shall be provided to defendant by April 30, 2004. Depositions of expert witnesses shall be concluded by May 31, 2004.

(iv) Discovery shall be completed by May 31, 2004.

(v) Any dispositive motions shall be filed on or before June 30, 2004.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/Stephen L. Nourse
STEPHEN L. NOURSE
CARNEY BADLEY SPELLMAN, P.S.
700 Fifth Avenue
Suite 5800
Seattle, Washington 98104-5017
Tel: (206) 622-8020
Attorneys for Plaintiff

s/James M. Meister
JAMES M. MEISTER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 305-3079

Of Counsel:
Sue Ying Leong
Assistant District Counsel
United States Army Corps of Engineers
Seattle, Washington

October 24, 2003