IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TRITON MARINE CONSTRUCTION CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-1558C (Judge Bush) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO FILE OUT-OF-TIME, A MOTION FOR ENLARGEMENT AND MOTION FOR EXPEDITED CONSIDERATION

Defendant respectfully requests the Court to (1) enlarge by 199 days, to and including November 30, 2004, the time within which the Government must complete lay witness depositions, and (2) enlarge by 214 days, to and including December 20, 2004, the time within which the Government must make its expert disclosures pursuant to RCFC 26(a)(2). Pursuant to the Court's orders, the time within which the parties were required to complete lay witness depositions expired on May 15, 2004, the Court having granted plaintiff's motion to enlarge this deadline by 57 days. This is the Government's first motion to enlarge this deadline. Pursuant to the Court's orders, the time within which the Government was to make its expert disclosures pursuant to RCFC 26(a)(2) expired on May 20, 2004, the Court having granted plaintiff's motion to enlarge this deadline by 30 days, and the Government's motion to enlarge this deadline by 20 days. This is the Government's second motion to enlarge this deadline.

Because this motion addresses deadlines that have already passed, it is out-of-time, and we request leave to file it. The Court should grant leave, and consider this out-of-time motion because, as we explain below, granting the Government's motion and enlarging the deadlines at issue serves the interest of justice. We also request expedited consideration of our motion. Finally, plaintiff's counsel has informed us that plaintiff opposes this motion.

The Government's previous attorney of record left his employment with the Department of Justice, effective May 21, 2004. This case was reassigned to the Government's new attorney of record, Thomas D. Dinackus, on May 25, 2004. Undersigned counsel received notification that the case was reassigned to him at approximately 3:30 p.m. on May 25. He had no pre-existing knowledge of this case and initially was unaware that the lay witness discovery and expert disclosures deadlines had already passed.

When the case was reassigned to him, Government counsel was informed that John Dippold, one of plaintiff's attorneys, had telephoned the Department of Justice to discuss the case. Accordingly, Mr. Dinackus telephoned Mr. Dippold on May 25 and left him a voice mail message explaining that the case had been reassigned. Mr. Dinackus did not speak with plaintiff's attorneys until May 26, 2004, at which point he learned that

certain deadlines had already run. Mr. Dinackus then spent most of May 26 reviewing our files and preparing this motion for enlargement, which is being filed on May 27, 2004.[1]

The Government apologizes to the Court for failing to complete depositions of lay witnesses, and produce its expert disclosures, by the deadlines established by the Court. There is no excuse for these failures. Nonetheless, the Government requests the Court to grant this untimely motion because it serves the interest of justice. The Government will be hard-pressed to defend itself in this litigation unless the Court allows the Government to take lay depositions and retain an expert witness.

Furthermore, plaintiff's counsel recently made a settlement offer. Based upon his preliminary assessment of this case, Government counsel believes that this offer could lead to the settlement of this case. Government counsel would like to seriously explore settlement with plaintiff's counsel in the near term. To do so, Government counsel will need to review the files in this case, which are extensive; learn the facts and the relevant legal principles; retain an expert witness, and obtain his input with regard to the technical issues; and conduct an audit. Based upon his experience, Government counsel expects

---

[1] Mr. Dinackus also attempted to contact agency counsel by telephone and electronic mail on May 26, 2004, but agency counsel has yet to respond to the messages we left for her.

that these activities will require about three months to complete.[2]

Government counsel then anticipates that the parties would meet for face-to-face settlement discussions. The parties would first exchange position papers, with supporting documentation, that would summarize their position upon the issues. In addition, the parties' respective experts would discuss the case, and use those discussions to fine-tune their opinions, and identify the issues upon which they agree and disagree.

Finally, the parties would meet for face-to-face settlement discussions that would probably span two days.[3] Attending these discussions would be counsel, the experts, and selected fact witnesses. The first day would be devoted to fact-finding. The second day would be devoted to proposals and counter-proposals, with the goal of reaching agreement upon terms of a settlement that Government counsel would recommend that his superiors accept.[4] Government counsel estimates that completing all these

---

[2] Government counsel intends to make this case a top priority, notwithstanding the many other cases for which he is responsible.

[3] Government counsel has used this approach to settle several Court of Federal Claims cases, including one in which Messrs. Nourse and Dippold represented the plaintiff, Pacific Crest Construction, Inc. v. United States, No. 99-773C (Fed. Cl.).

[4] Government counsel does not possess authority to make or accept an offer upon behalf of the United States. Rather, he possesses authority to negotiate upon behalf of the United States

tasks will require about one month.

If the parties are unable to settle, however, the Government would then want to depose plaintiff's lay witnesses. Government counsel would expect to complete these depositions within two months.[5] Thus, pursuing settlement, and then completing discovery if the parties are unable to settle, should require about six months.

Accordingly, the Government requests the Court to enlarge the deadline for completing lay depositions to November 30, 2004. The Government also requests that the Court enlarge the deadline for producing its expert disclosures to December 20, 2004, to allow our expert sufficient time to complete his analysis, once lay depositions have been completed.

Finally, we request expedited consideration of this motion because of the important issues it addresses and the fact that whether the Court grants this motion will have a substantial affect upon how the Government handles this case.

---

and, if plaintiff makes an offer which Government counsel believes the United States should accept, to recommend to his superiors that they accept plaintiff's offer. Government counsel's superiors possess authority to accept a settlement offer upon behalf of the United States.

[5] Regrettably, it appears that the Government's previous attorney of record did not take any lay witness depositions. Plaintiff's disclosures pursuant to RCFC 26(a)(1) identify 25 individuals, not including Government employees, who possess knowledge with regard to the facts of this case. The Government would need to conduct at least ten depositions.

For the foregoing reasons, defendant respectfully requests that the Court grant this out-of-time motion for an enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

/s Thomas D. Dinackus

THOMAS D. DINACKUS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tele: (202) 307-6289
Fax: (202) 514-7969
Attorneys for Defendant

May 27, 2004

NOTICE OF FILING

I hereby certify that on May 27, 2004, a copy of the foregoing "DEFENDANT'S MOTION FOR LEAVE TO FILE OUT-OF-TIME, A MOTION FOR ENLARGEMENT AND MOTION FOR EXPEDITED CONSIDERATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Thomas D. Dinackus