IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TRITON MARINE CONSTRUCTION CORPORATION, | ) | No. 03-1558C |
| | ) | (Judge Lynn J. Bush) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE OUT OF TIME, A MOTION FOR ENLARGEMENT AND A MOTION FOR EXPEDITED CONSIDERATION**

Plaintiff, Triton Marine Construction Corporation ("Triton Marine"), respectfully requests the Court to deny the Government's request to enlarge by 199 days, the time within which the Government must complete the lay witness depositions and to enlarge by 214 days, the time within which the Government must make its expert disclosures. As illustrated below, the Government failed to conduct a single deposition during discovery or produce its expert report from an expert the Government retained on October 26, 2001, to analyze Triton Marine's claim.

Plaintiff agrees with the Government that there is no excuse for the Government's failure to complete the depositions of the lay witnesses and produce its expert disclosures by the deadline established by the Court. As stated in the Court's Order dated March 5, 2004, all lay witness depositions shall be concluded on or before May 15, 2004. The Government contends that this date was established after the Court granted plaintiff's motion to enlarge the lay witness deadline by 57 days. Plaintiff's Motion, however, was originally drafted as a joint motion on

behalf of Triton Marine and the Government since both parties had not conducted depositions or fully exchanged project documents. At Mr. Meister's request, the joint motion was changed to plaintiff's motion since Mr. Meister could not timely obtain his supervisor's approval before the submission of the motion.

The Government maintains that the enlargement of the deadlines should be issued because it serves the interest of justice. Justice delayed, however, is justice denied. Plaintiff filed suit over eleven (11) months ago and defendant has not conducted any depositions in this matter. Notwithstanding, the Government is now requesting an additional six (6) months to conduct lay witness depositions. During the course of discovery, plaintiff had reserved weeks, on several different occasions, for defendant to take depositions. Defendant, however, continuously canceled each and every scheduled deposition. It would be inequitable to allow the Government a six (6) month time extension to conduct the proposed ten (10) depositions when Triton Marine has been more than accommodating in the scheduling of depositions during the discovery period.

The Government also states that the extension is required to facilitate settlement discussions. Triton Marine has previously attempted to facilitate settlement discussions to no avail. Specifically, Triton Marine submitted to the Government a detailed 1 ½ inch settlement memorandum containing various exhibits, deposition testimony, and supporting legal authority. Thereafter, Triton Marine requested a telephone settlement conference with the Government along with an individual who had authority to resolve the matter on behalf of the agency. While the respective counsel participated in the telephone settlement conference, the Contracting Officer, who had agency authority to settle the matter, refused to attend despite the advanced notice and scheduling of the meeting. During the conference call, Triton Marine offered to settle

the case for a specified amount. At the conclusion of the conference call, Triton Marine requested a response to its oral settlement offer by a certain date, to which the Government agreed. The date thereafter elapsed and no response was received from the Government. Consequently, Triton Marine submitted a written settlement offer to the Government. To date, Triton Marine has not received a response form the Government to its settlement offer. Enforcing the Court's discovery deadlines, rather than granting time extensions, will facilitate settlement discussions.

As for the expert disclosures, the agency retained an expert on October 26, 2001 to assist the Government in analyzing and responding to Triton Marine's claim. The expert, Mr. Cooper, submitted a detailed report to the agency before the Contracting Officer's decision was issued. Triton Marine quoted certain portions of this report in Triton Marine's settlement memorandum. It is plaintiff's understanding that the Government intended to call this individual as their expert. There simply is no excuse for failing to submit defendant's expert report on or before March 31, 2004, approximately 2 ½ years from when the agency originally retained its expert to respond to Triton Marine's claim.

The Government also maintains that the proposed enlargement of time will afford the Government the opportunity to audit Triton Marine's claim. What the Government fails to recognize, however, is the fact that Triton Marine submitted its Certified Claim on May 14, 2001 to the Government. Consequently, the Government has had over three (3) years to conduct an audit, yet now uses this delinquency as a basis for an extension of time. It is important to note, Triton Marine has previously agreed to two (2) Government enlargement of time motions.

Triton Marine requests that the Court deny the Government's pending enlargement motions. Following the June 15, 2004 discovery cutoff for the expert witnesses, Triton Marine

requests a post-discovery conference be held and a trial date set. It has become readily apparent that the agency attempts to delay the proceedings and responds only at the eleventh hour or, in this case, the thirteenth hour, for deadlines.

DATED this 28 day of May, 2004.

CARNEY BADLEY SPELLMAN, P.S.

By /s/ Stephen L. Nourse

Stephen L. Nourse
John C. Dippold
CARNEY BADLEY SPELLMAN, P.S.
700 Fifth Avenue, Suite 5800
Seattle, WA 98104-5017
(206) 622-8020 (Phone)
(206) 467-8215 (Facsimile)
email: nourse@carneylaw.com
dippoldj@carneylaw.com
Attorneys for Plaintiff Triton Marine Construction Corporation

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 28 day of May, 2004, I caused to be sent via Facsimile and U.S. Mail, a true and correct copy of the original "PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE OUT OF TIME, A MOTION FOR ENLARGEMENT AND A MOTION FOR EXPEDITED CONSIDERATION," addressed as follows:

Mr. Thomas D. Dinackus
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530

CARNEY BADLEY SPELLMAN, P.S.

By /s/ Stephen L. Nourse
Stephen L. Nourse, WSBA #8526
John C. Dippold, WSBA #25658
Attorneys for Plaintiff Triton Marine Construction Corporation