IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TRITON MARINE CONSTRUCTION CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-1558C |
| v. | ) | (Judge Bush) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY
TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR LEAVE TO FILE
OUT-OF-TIME, A MOTION FOR ENLARGEMENT
AND MOTION FOR EXPEDITED CONSIDERATION

Defendant respectfully reiterates its requests that the Court (1) enlarge by 199 days, to and including November 30, 2004, the time within which the Government must complete lay witness depositions, and (2) enlarge by 214 days, to and including December 20, 2004, the time within which the Government must make its expert disclosures pursuant to RCFC 26(a)(2). Plaintiff opposes this motion, but has failed to demonstrate that the interests of justice would be served by denying the Government's motion. Plaintiff evidently does not oppose the Government's request that its motion be resolved upon an expedited basis.

Plaintiff, Triton Marine Construction, Inc. ("Triton"), complains that the Government did not complete its fact depositions, and produce its expert report, by the deadlines established by the Court. Triton further complains that this case was filed some 11 months ago, and that the Government has

yet to take any depositions. Triton seems to think that the Government had an absolute obligation to complete its lay witness depositions by May 15, 2004, and produce its expert report by May 20, 2004. Such is not the case.

These deadlines – like all deadlines – were subject to enlargement for good cause shown, see RCFC 6(b). The Government's sole error here was in failing to file a timely motion for enlargement.[1] If the Government's previous counsel had filed a timely motion on May 15, 2004, explained that the press of business had prevented him from taking depositions and producing an expert report, and requested to enlarge these deadlines because he was leaving the Department of Justice and the Government's new counsel would need additional time to learn the case, and take the depositions and produce the expert report, there can be little doubt that that would constitute good cause that would justify an enlargement of these deadlines. Thus, the Government's real error here was in failing to file a timely

---

[1] Triton complains that the Government was scheduled to take depositions on several occasions and that these depositions were cancelled. In fact, the Government was scheduled to take depositions on two occasions, in March 2004 and May 2004. According to the Government's previous counsel, he cancelled the depositions in March because of a conflict with a trial in another case, and he cancelled the depositions in May because by then he was scheduled to depart the Department of Justice in the near future and was unable to conduct these depositions before his departure. The Government's current counsel obtained this information from our previous counsel on May 31, 2004.

motion for enlargement.[2]

Triton complains that this suit has been pending for 11 months and that the Government has yet to take any depositions.[3] Triton ignores the fact that the Government accomplished a significant amount with regard to this litigation. In addition to preparing its answer to the complaint and initial disclosures, the Government sent Triton interrogatories and document requests; responded to Triton's interrogatories and document requests; and defended several depositions. The Government has not sat passively for the past year, doing nothing with regard to this litigation.

Furthermore, it is hardly surprising that the Government was unable to complete discovery by May 15, 2004. This is a construction case of significant complexity that involves Triton

---

[2] The Government's motion to enlarge the deadline for completing lay witness depositions was late by 12 days and the motion to enlarge the deadline for producing expert reports was late by seven days.

[3] Triton also complains that the Government has not produced its expert report, and asserts that the Government's expert, Mr. Cooper, was retained by the Corps of Engineers ("COE") during the claim phase and produced the Government's expert report then. Mr. Cooper did prepare a report for the COE while the claim was pending before the contracting officer, but needs to update this report in light of the information learned during the litigation. Furthermore, the Government will likely seek to have a second individual, not connected to Mr. Cooper's firm, serve as an expert in this litigation. The Government's new counsel sent requests for proposals to both these experts and their proposals are due by June 4, 2004. The Government anticipates it will award these contracts upon a greatly expedited basis.

and five of its actual or potential subcontractors and/or suppliers. Triton's claim is 17 single-spaced pages long, with numerous attachments, and the contracting officer's final decision that denied this claim is 41 single-spaced pages long. Furthermore, Triton's settlement package consists of a nine-page single-spaced narrative and 33 exhibits, and is 125 pages long. Finally, Triton identified 25 persons who possess knowledge of the facts of this case, not including Government personnel, in its initial disclosures. Cases of this magnitude typically involve discovery periods substantially longer than the less than six months allowed in this case.[4] Thus, any complaint that this case has taken too long - or suggestion that allowing the Government the extra time it requested would be improper or unfair - is simply incorrect, and ignores the reality of the practice of law before this Court.

The Government explained in its motion that Triton recently made a settlement offer, and that the Government's current counsel wants to pursue settlement in the near term, while preserving the right to take depositions if the parties are unable to settle this case. The Government proffered a schedule for pursuing this approach, which generated the request for a

---

[4] The Government's current counsel has practiced law before this Court for more than 16 years and has been employed by the Department of Justice's National Courts Section for more than 12 years.

six-month enlargement. Triton opposes this enlargement, but has failed to explain why the Government's approach does not serve the interest of justice, or how this process could be completed more quickly.

Triton asserts that it has "previously attempted to facilitate settlement discussions to no avail." Response at 2. Triton sent the Government a detailed settlement package on April 20, 2004. Thereafter, the parties conducted a settlement conference via telephone on or about May 13, 2004.[5] The Government's previous counsel was unable to complete his analysis of Triton's settlement offer before he departed from the Department of Justice, and Triton's settlement offer remains open.

Although it is regrettable that the Government's previous counsel was unable to complete his analysis of Triton's settlement offer before his departure, the fact that he did not sheds no light upon whether Triton's settlement offer might lead

---

[5] Triton complains that the contracting officer did not participate in these discussions. This complaint is without merit, however, as agency counsel participated in these discussions, and the Government never promised that the contracting officer would participate. Furthermore, the contracting officer's absence had no impact upon these discussions.

Triton asserts that the Government never responded to its settlement offer. According to the Government's previous counsel, this is not correct. He subsequently telephoned Triton's counsel to inform him that he was leaving the Department of Justice and would not be able to provide a definitive response to Triton's offer before he left.

to the settlement of this case, once the Government's current counsel has had sufficient time to evaluate the case, the Government's litigation risk, and Triton's offer. Moreover, there can be no settlement of this case unless Government counsel is allowed the opportunity – and the time – to perform this analysis. Triton seems to think that the way to facilitate settlement is to deny the Government's current counsel any time to evaluate the case, apparently upon the assumption that, in this situation, the Government will just give up and pay Triton whatever it requests. This is not how the Government conducts litigation.

For the foregoing reasons and the reasons stated in our motion, defendant respectfully requests that the Court grant its out-of-time motion for an enlargement of time. The Government also reiterates its request that this motion be resolved upon an expedited basis.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

/s Thomas D. Dinackus

THOMAS D. DINACKUS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tele: (202) 307-6289
Fax: (202) 514-7969
Attorneys for Defendant

June 1, 2004

NOTICE OF FILING

I hereby certify that on June 1, 2004, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE OUT-OF-TIME, A MOTION FOR ENLARGEMENT AND MOTION FOR EXPEDITED CONSIDERATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Thomas D. Dinackus