IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TRITON MARINE CONSTRUCTION CORPORATION, | ) | No. 03-1558C |
| | ) | (Judge Lynn J. Bush) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

COMES NOW plaintiff Triton Marine Construction Corporation ("Triton Marine"), and the Government, pursuant to the Court's Preliminary Scheduling Order dated November 21, 2003, and hereby submits their Joint Status Report. Plaintiff's counsel understands that counsel for defendant, Mr. James Meister, has recently terminated his employment with the Government. Mr. Thomas Dinackus has replaced Mr. Meister as the attorney for the Government.

Status of Discovery. The parties have exchanged project files, excluding those documents protected under the attorney-client privilege or work product doctrine. Plaintiff has concluded its lay witness depositions. To date, defendant has not conducted any depositions in this matter. On several occasions, plaintiff has reserved weeks for defendant to take certain depositions and Defendant has continuously canceled every scheduled deposition. The Government contends that it has justifiable reasons for canceling these depositions on the two occasions when it did so, as explained in greater detail in the out-of-time motion for enlargement it filed on May 27, 2004. As stated in the Court's Order dated March 5, 2004, all lay witness depositions shall be concluded on or before May 15, 2004. The Government filed an out-of-time

motion on May 27, 2004, requesting the Court to enlarge this deadline. Triton Marine has filed its response requesting the Court to deny the enlargement of time. The Government intends to file a reply today.

Pursuant to the Court's Order dated March 5, 2004, plaintiff submitted its expert witness report on March 30, 2004. Under the Preliminary Scheduling Order, defendant was originally required to produce its expert witness report on or before March 31, 2004. Plaintiff agreed to defendant's time extension request to submit its expert report. The Court subsequently granted defendant's Unopposed Motion for an Enlargement of Time. The deadline for the disclosure of defendant's expert report was extended approximately two (2) months, to May 20, 2004. Defendant has not submitted any expert report pursuant to the Court's order to do so by May 20, 2004. The Government filed an out-of-time motion on May 27, 2004, requesting the Court to enlarge this deadline. Triton Marine has filed a response requesting the Court to deny the enlargement of time. The Government intends to file a reply today. Plaintiff's deadline to submit its rebuttal expert report was changed to June 21, 2004, pursuant to the Court's Order dated May 17, 2004.

According to the Court's Order dated December 19, 2003, the parties are to exchange, by May 31, 2004, the information indicated in ¶ 1(a) through (d) of the Court's Preliminary Scheduling Order dated November 21, 2003. On December 18, 2003, January 28, 2004 and March 19, 2004, plaintiff disclosed all of its records including its damages exhibits as well as directed defendant's attention to its source documents supporting said damages. Plaintiff has offered certain individuals for defendant to depose for an explanation of the damages and source documents. Pursuant to ¶ 13 of Appendix A, Plaintiff's schedule of damages and source documents have been provided in the Equitable Adjustment Request and Proposal for Radiant

Heaters and Request for Contracting Officers' Decision. Again, defendant has neither conducted any depositions in this matter nor admitted or denied the accuracy or admissibility of Triton's damages. The Government intends to conduct an audit and provide the responses required by paragraph (1)(c) of the Court's November 21, 2003 preliminary scheduling order during the discovery period, as required by the preliminary scheduling order.

As for the filing requirements of ¶¶ 14 through 17 of Appendix A, the plaintiff proposes that plaintiff's Memorandum of Contentions of Fact and Law shall be filed on or before July 2, 2004. Plaintiff also proposes that defendant shall file its responsive Memorandum by July 16, 2004.

**Additional Government Response**

The Government filed an out-of-time motion on May 27, 2004, requesting the Court to enlarge certain deadlines. If the Court grants the Government's motion, the Government suggests that establishment of a schedule for meeting the requirements of paragraphs 13 through 17 of Appendix A be deferred until after the close of discovery.

If the Court denies the Government's motion, then the Government requests that the Court stay this case for 120 days so that the parties can attempt to settle this case. The Government's new attorney of record needs this time to review the files in this case, which are extensive; learn the facts and the relevant legal principles; retain an expert witness, and obtain his input with regard to the technical issues; conduct an audit; and then meet with plaintiff's counsel for settlement negotiations, as described in greater detail in the Government's May 27, 2004 motion for enlargement. Plaintiff recently made a settlement offer that Government counsel believes could lead to the settlement of this case.

If the Court denies the Government's request to stay this case, then the Government anticipates filing a motion to enlarge the June 30, 2004 deadline for the filing of dispositive motions by 30 days, so that the Government's new attorney of record can determine whether the Government should file a motion for summary judgment and, if so, prepare and file the motion and supporting papers. Government counsel's review of the file suggests that there are good grounds for such a motion, because it appears that the alleged defects in the Government's specifications that are the basis of this litigation were identified by plaintiff prior to the submission of proposals, and plaintiff failed to discharge its duty of inquiry. *See, e.g., Beacon Construction Co. v. United States*, 161 Ct. Cl. 1, 6-7, 314 F.2d 501 (1963).

Accordingly, the Government believes that it would be premature to establish a schedule for the exchanges and filings required by paragraphs 13 through 17 of Appendix A of the Rules of the Court of Federal Claims. However, if the Court concludes that it is not premature to establish this schedule, the Government suggests the following schedule:

| | |
|---|---|
| Exchanges required by ¶ 13 due: | 8/15/04 |
| Plaintiff's filings required by ¶¶ 14-17 due: | 9/15/04 |
| Government filings required by ¶¶ 14-17 due: | 10/15/04 |

The time requested is necessary in order to allow the Government's new attorney of record to learn the facts and the law of the case, and prepare for trial.

Respectfully submitted.

CARNEY BADLEY SPELLMAN, P.S.
Counsel for Plaintiff
700 Fifth Avenue, Suite 5800
Seattle, WA 98104-5017
Phone (206) 622-8020
Facsimile (206) 467-8215
Email: nourse@carneylaw.com

By: /s/ Stephen L. Nourse
Stephen L. Nourse
John C. Dippold
Attorneys for Plaintiff

June 1, 2004

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

/s/ Thomas D. Dinackus

THOMAS D. DINACKUS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Telephone: (202) 307-6289
Facsimile: (202) 514-7969
Attorneys for Defendant

June ____, 2004