# In the United States Court of Federal Claims

No. 03-1558 C

(Filed June 8, 2004)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | |
| TRITON MARINE CONSTRUCTION, CORPORATION, | * * * |
| *Plaintiff*, | * * |
| v. | * * |
| THE UNITED STATES, | * * |
| *Defendant*. | * |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

**ORDER**

On May 27, 2004, defendant filed a Motion for Leave to File Out-of-Time Motion for Enlargement and Motion for Expedited Consideration. On May 28, 2004, plaintiff filed its response to defendant's motion and, on June 1, 2004, defendant filed its reply to plaintiff's response on the subject motion. Additionally, on June 1, 2004, the parties filed a Joint Status Report.

In defendant's motion for enlargement, defendant requests permission from the court for (1) an enlargement of 199 days, to and including November 30, 2004, within which to complete lay witness depositions; and (2) an enlargement of 214 days, to and including December 20, 2004, within which to make its expert disclosures, pursuant to RCFC26(a)(2). Defendant's motion reports that these extensions are necessary due to the government's attorney of record in the subject matter leaving the Department of Justice on May 21, 2004 without having conducted discovery. Therefore, government's new attorney of record requests these extensions to (1) learn the facts and the relevant legal principles; (2) retain an expert witness and obtain his input with regard to technical issues; and (3) conduct an audit. Additionally, defendant reports that plaintiff's counsel recently made a

settlement offer and anticipates that the parties will engage in settlement negotiations.

In plaintiff's response to defendant's motions for enlargements, plaintiff opposes the granting of these motions. Plaintiff states that there is no excuse for the government's failure to complete the depositions of lay witnesses and produce its expert disclosures by the court's established deadlines. Specifically, plaintiff states that the case was filed over eleven (11) months ago and plaintiff has made numerous attempts to accommodate the government's scheduling of depositions and to facilitate settlement negotiations in the subject matter. Plaintiff's counsel requests the court to deny the government's motions and follow the established June 15, 2004 discovery deadline for expert witnesses and, requests the court for a post-discovery conference and to set a trial date.

On June 1, 2004, defendant filed its reply to plaintiff's response to defendant's motions. Among other things, defendant reiterates that its current position in the subject matter is due to the attorney of record leaving the government and that defendant's current attorney of record needs additional time in order to familiarize himself with the subject matter.

On June 1, 2004, the parties filed a Joint Status Report, pursuant to the court's order of November 21, 2004. The parties' report their proposed deadlines as to the filing requirements of Appendix A, ¶¶ 14 through 17. Plaintiff proposes that its memorandum of contentions of fact and law be filed on or before July 2, 2004 and proposes that defendant's response to plaintiff's memorandum be filed on or before July 16, 2004. Defendant requests that if the court grants its subject motions for enlargements of time, the court defer the establishment of a schedule meeting the requirements of Appendix A, ¶¶ 13 through 17 until after the close of discovery. If the court denies defendant's motions, the government requests the court stay this case for 120 days so that the parties may engage in settlement. If the court denies defendant's request for a stay, government's counsel anticipates filing a motion for enlargement of thirty days within which to file a dispositive motion. Again, the government believes it is premature to establish a schedule for the exchanges and filings required by Appendix A, ¶¶ 13 through 17. However, if applicable, defendant suggests the following schedule: exchanges required by ¶ 13 due August 15, 2004; plaintiff's filings required by ¶¶ 14-17 due September 15, 04; and defendant's filings required by ¶¶ 14-17 due October 15, 2004.

The court is in receipt of counsels' positions regarding the government's request for enlargements of time and has given serious consideration to both sides. Defendant will be granted until September 1, 2004, for government counsel to familiarize himself with facts of case and with the law; to retain an expert witness and get the expert's input; to perform an audit; and finally, to complete settlement negotiations. If settlement is not reached by September 1, 2004, defendant will have until October 15, 2004 to complete its lay witness depositions and the government's expert witness disclosures will be due to be filed on or before November 5, 2004.

Accordingly, it is hereby **ORDERED** that:

(1) Defendant's Motion for Leave to File Out-of-Time is **GRANTED**;

(2) Defendant's Motion for Enlargement of Time of 199 days, to and including November 2004, within which to complete lay witness depositions is **DENIED, in part**, and **GRANTED, in part**, inasmuch as the government shall **COMPLETE** all **lay witness depositions**, on or before **October 15, 2004** and make its **expert disclosures**, on or before **November 5, 2004**;

(3) Defendant's Motion for Expedited Consideration is **GRANTED**;

(4) Plaintiff's motion for a post-discovery conference and the setting of a trial date, requested within plaintiff's response filed May 28, 2004, is **DENIED**, as premature, and the parties are directed to pursue settlement; and

(5) The parties are **DIRECTED** to **FILE** a **Joint Status Report**, on or before **November 10, 2004**, amending proposed deadlines for the filing requirements of Appendix A, ¶¶ 14 through 17.

s/Lynn J. Bush
LYNN J. BUSH

Judge