IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TRITON MARINE CONSTRUCTION CORPORATION, Plaintiff, | ) | No. 03-1558C (Judge Bush) |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

STIPULATION FOR ENTRY OF JUDGMENT

To settle the claims asserted in the complaint and to permit the entry of final judgment on those claims, without constituting an admission of liability on the part of defendant, it is stipulated and agreed between the parties:

1. On June 17, 1998 the United States Army Corps of Engineers ("COE") awarded Contract No. DACA67-98-C-0038 ("contract") to plaintiff, Triton Marine Construction Corporation ("Triton"). The contract required Triton to design and construct repairs and upgrades to the heating systems for buildings at Fort Lewis, Washington.

2. Triton completed the contract and its work was accepted by the COE.

3. On May 14, 2001, pursuant to the Contract Disputes Act ("CDA"), Triton submitted a certified claim to the contracting officer in the amount of $972,904, for damages alleged to be a result of the Army's specifications.

4. By contract Modification P0003, the parties resolved that aspect of the claim that involved costs incurred by one of

Triton's subcontractors, Bath Engineering Corporation Group ("Bath").

5. On July 23, 2002, the contracting officer issued a final decision that denied the remainder of Triton's claim.

6. On June 26, 2003, Triton filed this suit challenging the contracting officer's final decision upon its certified claim.

7. Triton has offered to settle each and all of its claims in this case in exchange for payment by the United States in the amount of $490,000, which includes all the interest to which Triton is entitled so long as Triton receives payment by December 31, 2004, with each party to bear its own costs, attorney fees, and expenses. Should Triton not receive payment by December 31, 2004, interest shall accrue upon $490,000, at CDA rates, from January 1, 2005 until Triton receives payment.

8. Triton's offer has been accepted upon behalf of the Attorney General.

9. The United States consents to entry of judgment against the United States in favor of Triton as set out in paragraph 7.

10. Upon entry of judgment, Triton releases, waives, and abandons all claims against the United States, its political sub-divisions, its officers, agents, and employees, arising out of or related to the contract or otherwise involved in this case, regardless of whether they were included in the complaint,

including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

11. This stipulation is in no way related to or concerned with income or other taxes for which Triton is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

12. Triton warrants and represents that no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Triton further warrants and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this agreement shall be refunded promptly by Triton, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes payment.

13. This stipulation is for the purposes of settling this case and permitting entry of final judgment, and for no other. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an

interest, except as is necessary to effect the terms of this stipulation.

14. Plaintiff's counsel represents that he has been and is authorized to enter into this stipulation on behalf of Triton.

15. This document constitutes a complete integration of the stipulation between the parties and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Stephen L. Nourse

STEPHEN L. NOURSE
JOHN C. DIPPOLD
CARNEY BADLEY
SPELLMAN, P.S.
Suite 5800
700 Fifth Avenue
Seattle, WA 98104-5017
Tele: (206) 622-8020
Fax: (206) 467-8215

Attorneys for Plaintiff

DATED: 10/8/04

/s Kathryn L. Bleecker

KATHRYN A. BLEECKER
Assistant Director
Authorized Representative
of the Attorney General

/s Thomas D. Dinackus

THOMAS D. DINACKUS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tele: (202) 307-6289
Fax: (202) 514-7969

Attorneys for Defendant

DATED: 10/7/04

NOTICE OF FILING

I hereby certify that on October 12, 2004, a copy of the foregoing "STIPULATION FOR ENTRY OF JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Thomas D. Dinackus